IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 89-CR-0091-006-TCK |
| v. ) | |
| ) | USM Number: 06292-062 |
| **DARREN HARRIS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court are motions of Defendant for appointment of counsel (Doc. 371), and reduction of sentence pursuant to 18 U.S.C. § 3582(c) and request for a downward variance (Doc. 373). At the original sentencing in February 1990, Judge H. Dale Cook imposed an imprisonment term of 360 months as to Count One based on application of USSG §2D1.1, which resulted in a total offense level of 40 and a sentencing range of 360 months to life. Defendant appealed, arguing various issues related to conviction and sentencing. In September 1991, the Tenth Circuit upheld the conviction, but remanded for resentencing because the district court failed to adequately make findings of fact based on challenges to the presentence report, as required by Federal Rule of Criminal Procedure 32(c)(3)(D). Following an evidentiary hearing, the Court found Defendant responsible for four kilograms of crack cocaine,[1] and in April 1992, Defendant was resentenced on remand to 360 months imprisonment based on the same guidelines application and sentencing range of 360 months to life. In January 2008, Defendant moved for appointment of counsel to pursue a

---

[1] Based on the evidence presented, Defendant agreed that the guideline calculation should be based on four kilograms of crack cocaine. See Transcript of Resentencing, filed June 15, 1992, p. 4, lines 20-25, and p. 5, lines 10-13.

sentence reduction pursuant to § 3582(c) and Amendment 706 (Doc. 297). In April 2008, Judge Cook denied his motion because, based on the quantity of crack cocaine involved, the amendment did not result in a lowering of the guideline range (Doc. 321). Defendant now moves for reduction of sentence, arguing Amendment 706 entitles him to a two-level reduction in the offense level. Defendant further requests that the Court appoint him counsel and consider a downward variance. In support of his variance request, Defendant cites Kimbrough v. United States,128 S.Ct. 558 (2007), an offshoot of United States v. Booker, 543 U.S. 220 (2005), and the sentencing factors found in 18 U.S.C. § 3553(a) as authority for a non-guideline sentence.

Defendant's motion for sentence modification seems to have been inspired by recent Tenth Circuit remands concerning codefendants (see Doc. 371), wherein the Tenth Circuit found these defendants responsible for 500 grams of crack cocaine.[2] However, in this case the Court found Defendant responsible for the procurement, transportation, and distribution of no less than four kilograms of crack cocaine. Defendant ultimately conceded that this finding of drug quantity was correct. Further, based on the same evidence, the Tenth Circuit upheld the district court's denial of codefendant Reggie LeRoy's § 3582(c) motion based on use of a base offense level for four kilograms of crack cocaine. See United States v. LeRoy, No. 08-5088, WL 4636725 (10th Cir. Oct. 21, 2008) (unpublished). A factual record can differ from defendant to defendant in the same case. Here the record is clear. Defendant is responsible for four kilograms of crack cocaine. Pursuant to

---

[2] In United States v. Price, No. 08-5048, 2008 WL 4788263 (10th Cir. Oct. 31, 2008) (unpublished) and United States v. Thomas, No. 08-5043, 2008 WL 4726206 (10th Cir. Oct. 29, 2008) (unpublished), the Circuit reversed the district court's denial of defendant's § 3582(c) motions based on a finding they were responsible for seven kilograms of crack cocaine, ruling instead that both were accountable for 500 grams of the substance and were therefore eligible for a sentence reduction.

Amendment 706-revised USSG §2D1.1(c)(2) -- the Drug Quantity Table, found in <u>Guidelines Manual</u> effective November 1, 2008 -- four kilograms of crack cocaine results in a base offense level 36, the same base level determined at the original sentencing and resentencing on remand. Inclusion of applicable sentencing enhancements[3] results in a total offense level of 40 and a range of 360 months to life, which is the same range employed at resentencing on remand. Based on the finding of the sentencing Court that Defendant was responsible for four kilograms of crack cocaine, Amendment 706 does not result in a reduced guideline range. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. See USSG §1B1.10(a)(2)(B). As the facts establish that Defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

In addition to arguing for reduction of sentence based on Amendment 706, Defendant also moves for a downward variance based on the cocaine powder to crack cocaine ratio disparity and seeks appointment of counsel to assist in his motion. Defendant points to Kimbrough and § 3553(a) factors as authority for imposition of a non-guideline sentence. With respect to Defendant's request

---

[3] Defendant labels as unconstitutional two sentencing enhancements – namely, a two level increase for use of firearm under §2D1.1(b)(1) and a two level enhancement for obstruction of justice pursuant to §3C1.1, but offers no argument or authority in support of this conclusory assertion. (See Doc. 373 at 1.) This contention, presumably a Sixth Amendment and Booker violation, is without merit because Booker does not provide a basis for a sentence reduction under § 3582(c). See United States v. Price, 438 F.3d 1005 (10th Cir. 2006); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir.2005) (noting Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission, and therefore finding Booker inapplicable to §3582(c)(2) motions); see also United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by § 3582(c), the district court lacks jurisdiction to consider defendant's request).

for a variance, the Court does not have authority to consider Defendant's motion. The Sentencing Commission has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of a retroactive amended guideline, impose a sentence below the amended guideline range. See USSG §1B1.10(b)(1) & (2), and comment (n. 2 & 3). Because this policy statement is binding on district courts pursuant to 18 U.S.C. § 3582(c), the Court does not have authority to vary and impose a sentence below the minimum of the revised guideline range. See United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008). Defendant is not entitled to a sentence reduction for reasons stated herein. Accordingly, appointment of counsel for this purpose would be futile. Moreover, a defendant is not entitled to appointment of counsel in pursuit of sentence modification under § 3582(c). See United States v. Olden, 296 Fed.Appx. 671, 674 (10th Cir. 2008) (unpublished) (concluding there is no constitutional right to counsel for the purpose of bringing a § 3582(c)(2) motion). See also United States v. Legree, 205 F.3d at 729-30 (4th Cir. 2000) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c)); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999); United States v. Reddick, 52 F.3d 462, 464 (2nd Cir. 1995).

**IT IS THEREFORE ORDERED** that Defendant's motion for appointment of counsel (Doc. 371) is **denied**. Defendant's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and request for a downward variance (Doc. 373), are **dismissed for lack of jurisdiction**.

DATED this 30th day of March, 2009.

_____
TERENCE KERN
United States District Judge