# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 89-CR-91-TCK |
| ) | |
| DARREN L. HARRIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 222) filed by Defendant Darren L. Harris ("Defendant") in April 1997 ("§ 2255 Motion").

## I.     Background

On December 27, 2012, the Court entered an Opinion and Order (Doc. 432) ("12/27/12 Order") setting forth the procedural background, which is incorporated herein by reference.[1] In this Order, the Court granted Defendant's motion to reopen the § 2255 Motion and vacated Judge Cook's classification of such motion as second or successive. The Court ordered the United States to file a response to the § 2255 Motion and did not permit Defendant to file a reply brief. Defendant filed a supplemental brief in support of the § 2255 Motion on August 19, 2013 (Doc. 444).[2] Defendant filed a Petition for Writ of Mandamus with the Tenth Circuit seeking a ruling on the § 2255 Motion,

---

[1] Unless otherwise stated, this Order uses the same short names as the 12/27/12 Order.

[2] The Court provided notice to the United States that it would consider this brief in ruling on the § 2255 Motion, and the United States elected not to respond. (Docs. 446, 447.) The Court has considered all arguments made by Defendant in the first supplemental brief that provide factual or legal support for his original motion and do not raise new grounds for relief. To the extent necessary, the Court vacates language in the 12/27/12 Order prohibiting a reply brief or further filings from Defendant in support of his motion.

and the Tenth Circuit Circuit invited the Court to respond within thirty days. On the date of entry of this Order, November 21, 2013, Defendant filed a second supplemental brief (Doc. 448).[3]

In the § 2255 Motion and supporting supplemental briefs, Defendant argues that his trial counsel, C.W. Hack ("Hack"), now deceased, was ineffective based upon four specific failures: (1) failing to file a pre-trial motion challenging whether the grand jury was presented with evidence of Defendant's participation in the conspiracy after his eighteenth birthday on June 19, 1989; (2) failing to make pre-trial requests for discovery related to a July 9, 1989 arrest of Defendant, which was described during trial by Tulsa Police Department Officers Brian Comfort ("Comfort") and Darren Carlock ("Carlock"); (3) failing to object to the opinion testimony of Comfort and Carlock that Defendant's interactions with individuals in vehicles on July 9, 1989 were consistent with drug transactions; and (4) failing to investigate or raise the issue of whether Comfort and Carlock presented false trial testimony regarding the events of July 9, 1989. For purposes of analysis, the Court has combined the second and fourth grounds for relief, and both arguments are addressed in Part II.C below.

**II.     Analysis**

In order to have his conviction set aside based upon ineffective assistance of counsel, Defendant must satisfy both components of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must demonstrate that counsel's performance was deficient, which requires showing that his "counsel's performance fell below an objective standard of reasonableness." *Id.*

---

[3] The second supplemental brief relates only to Defendant's first ground for relief, which is addressed in Part II.A. below. The Court has reviewed arguments made in the second supplemental brief, and they are largely redundant with the first supplemental brief. Therefore, the Court finds no need to provide the United States with any additional briefing opportunity prior to entering this Order.

at 687-88.  In addressing the first prong, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct," and determine whether, in light of all the circumstances, the acts or omissions identified by the defendant were "outside the wide range of professionally competent assistance."  *Id.* at 690.  In doing so, a court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.*

Second, Defendant must show that any deficient performance prejudiced his defense, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  The Court need not address the inquiry in any particular order, and the Court must deny an ineffective assistance claim if Defendant fails to make a sufficient showing of either prong.  *Id.* at 697 (explaining that "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one").

### A. First Ground for Relief - Grand Jury

Defendant asserts that Hack was ineffective for failing to file a pre-trial motion challenging whether the grand jury was presented with evidence of Defendant's participation in the conspiracy after his eighteenth birthday.  (*See* Doc. 222 at 5 ("Counsel failed to raise pre-trial motion that no post-eighteenth birthday agreement evidence was presented to the Grand Jury to bring an indictment on adult jurisdictional charge of Conspiracy, under 21 U.S.C. § 846, nor was any post-eighteenth birthday activity evidence ever presented to the Grand Jury to support element of violation of § 841(b)."); Doc. 448 at 2 ("[T]rial counsel rendered ineffective assistance of counsel by failing to raise pre-trial motion that no post-eighteenth birthday agreement evidence was presented to the

3

grand jury . . . .").) The United States argues that this failure was not deficient performance in light of other actions by Hack and, alternatively, that Defendant did not suffer prejudice.

Hack argued, at all stages of the proceedings, that the Court lacked jurisdiction over Defendant due to the lack of any participation in the conspiracy by Defendant after his eighteenth birthday. First, Hack raised this issue in two pretrial pleadings entitled "Objection to Jurisdiction," in which he argued that all overt acts charged in the Superseding Indictment preceded Defendant's eighteenth birthday. (Docs. 8, 54.) Judge Cook overruled Hack's jurisdictional objections based upon the United States' representation that it would offer proof to show Defendant was an active member of the conspiracy after his eighteenth birthday. (Doc. 68.) Second, Hack objected to the Court's jurisdiction at two different stages of the trial, both of which were overruled by Judge Cook.

Third, Hack raised this jurisdictional issue on his first direct appeal. Rejecting the argument, the Tenth Circuit reasoned:

> There is much evidence that Harris was a member of the conspiracy from March, 1989, until his eighteenth birthday on June 19, 1989.
> . . . .
> On June 19, 1989, Harris moved from Tulsa, Oklahoma, to Denver, Colorado, his mother desiring to get him out of his poor environment in Tulsa. On July 6, 1989, Harris, however, returned to Tulsa for a visit. Two foot-patrol officers assigned to the North Tulsa area testified that on July 9, 1989, they saw Harris, Reggie LeRoy (a co-defendant), and others in the vicinity of Louis' apartment complex, flagging down cars, going to the stopped vehicles, putting their hands toward the persons in the car, and then pulling their hands back. One officer testified that in his experience this type of activity indicates "cocaine dealing." Harris was arrested at the time of this incident. No drugs were found on him, although he had some $600 in currency on his person.
> *We think the testimony of these two officers was sufficient to show participation by Harris in the conspiracy after he became eighteen years of age. Such was also corroborated by the statements made by Ward Price, a leader in the conspiracy, to Officer Witt.* In this latter regard, Price, in June and July, 1989, attempted to draw Officer Witt, posing as a "crooked cop," into the conspiracy. *In the course of Price's conversations with Officer Witt, many of which were audio-taped, Darren Harris' name was mentioned.* We have this date held in companion appeals that Price's statements were in furtherance of the conspiracy. In

4

> those conversations Price said that although the conspiracy was a profitable one, there were problems and he offered Witt money in exchange for his assistance.
> In *United States v. Cruz*, 805 F.2d 1464 (11th Cir.1986), cert. denied, 481 U.S. 1006, 107 S. Ct. 1631, 95 L. Ed.2d 204 cert. denied, 482 U.S. 930, 107 S.Ct. 3215, 96 L.Ed.2d 702 (1987), the Eleventh Circuit held that the district court had jurisdiction to try the defendant, who had been charged with conspiracy to possess cocaine with intent to distribute, even through he was a juvenile at the time he entered into that conspiracy, since the government had presented evidence from which the jury could infer that the defendant's involvement continued after he turned eighteen. *Id.* at 1475–77. *See also, United States v. Gjonaj*, 861 F.2d 143, 144 (6th Cir.1988); and *United States v. Spoone*, 741 F.2d 680, 687 (4th Cir.1984), cert. denied, 469 U.S. 1162, 105 S. Ct. 917, 83 L. Ed.2d 929 (1985). *There being evidence that Harris committed acts in furtherance of the conspiracy after attaining the age of eighteen, the district court in the instant case had jurisdiction to try him.* Further, the evidence was legally sufficient to support the jury's verdict.

*United States v. Harris*, 944 F.2d 784, 785-86 (10th Cir. 1991) (footnote omitted and emphases added). Finally, Hack argued in a second appeal that Judge Cook denied Defendant due process by applying the sentencing guidelines to conduct committed as a juvenile. Rejecting this argument, the Tenth Circuit again concluded that there was sufficient evidence that Defendant committed acts in furtherance of the conspiracy after turning eighteen and that Hack's "juvenile status arguments [were] simply beside the point." *United States v. LeRoy*, 984 F.2d 1095, 1099 (10th Cir. 1993).

The Court concludes that Hack was not deficient for failing to file a pre-trial motion specifically challenging the jurisdictional evidence presented to the grand jury. First, as argued by the United States, Defendant has not established as a factual matter that Carlock's and Comfort's testimony was not presented to the grand jury. Second, Hack raised the same substantive jurisdictional objection by several other types of motions prior to, during, and after trial. Hack's decision not to file an additional motion aimed more specifically at the grand jury proceedings cannot be deemed deficient performance in light of Hack's other efforts to dismiss the Superseding Indictment and reverse the conviction based upon a lack of jurisdiction. Finally, due to the Tenth Circuit's consideration and rejection of other jurisdictional arguments that were preserved for

appeal, Defendant cannot show any prejudice flowing from Hack's failure to file yet another similar motion.[4]

### B.    Third Ground for Relief - Opinion Testimony of Comfort and Carlock

During trial, Comfort and Carlock testified that, on July 9, 1989, they observed Defendant and co-defendant Reggie LeRoy engaged in conduct consistent with dealing drugs – namely, reaching a hand toward a person in a car, who would then reach a hand back out. Defendant argues that Hack was ineffective for failing to object to this opinion evidence as violating Federal Rule of Evidence 704(b).

Federal Rule of Evidence 704(b) prohibits an expert witness in a criminal case from stating "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged, or a defense." Rule 704(b) does not apply to Comfort or Carlock's testimony in this case because they did not offer opinion testimony as to Defendants' mental state or condition. Instead, they offered opinions that certain movements and actions by Defendant were consistent with drug transactions. Such testimony is permissible as expert opinion testimony under Federal Rule of Evidence 702 based on "other specialized knowledge" acquired through "experience and training." *See United States v. Garza*, 566 F.3d 1194, 1199 (10th Cir. 2009) (explaining that the court has "repeatedly permitted police officers to testify as experts concerning issues involved in the drug trade") (internal alterations and quotations omitted). Thus,

---

[4] If the trial court lacked subject matter jurisdiction over Defendant due to problems with the grand jury process, it seems that the Tenth Circuit would have reversed the conviction regardless of whether such error was raised by Hack. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."). Further, the grand jury's failure to indict on any post-June 19, 1989 overt acts does not prevent the United States from supporting its conviction with such acts. *See United States v. Coleman,* 349 F.3d 1077, 1088 (8th Cir. 2003) (explaining that "[i]n a charge of conspiracy, the government is not limited to proof of the overt acts charged in the indictment").

any objection based upon Rule 704(b) would have been meritless, and Hack's failure to raise such an objection did not constitute deficient performance. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that, if an issue is meritless, its omission will not constitute deficient performance).

### C.     Second and Fourth Grounds for Relief – July 9, 1989 Drug Activity and Arrest

Defendant argues that Hack should have (1) sought pre-trial discovery to obtain police reports and/or evidence logs related to the arrest on July 9, 1989, and (2) raised the issue of prosecutorial misconduct based upon the United States' knowing presentation of false testimony by Comfort and Carlock regarding the events of July 9, 1989. Defendant contends that a reasonable attorney would have investigated and raised these issues because Defendant informed Hack that he was never arrested on this date and was "not there." (*See* Doc. 22 at 5 (stating that he informed Hack during trial of this false testimony); *see also* Doc. 444 (stating that he told Hack "prior to trial that he was not arrested on July 9, 1989 because he was not there").) The United States contends that (1) Defendant has no factual support for his assertions, other than his bare allegations; and (2) even assuming Hack performed deficiently in relation to the July 9, 1989 arrest, Defendant has failed to show prejudice.

The Court finds that an evidentiary hearing is necessary. Defendant alleges (1) that he told Hack, prior to trial, that he was never arrested on July 9, 1989 and that he was not physically present at the scene; (2) that he told Hack during trial that Comfort and Carlock gave false testimony about observing and arresting Defendant on that date; and (3) Hack did not take the seemingly simple step of requesting or obtaining an arrest report to confirm or deny Defendant's denial. While these types of allegations by a defendant may not warrant an evidentiary hearing in most cases, the overall factual circumstances weigh in favor of a hearing. Those circumstances include: (1) this Court did

not preside over the trial and is less familiar with counsel's performance than in an ordinary case; (2) Hack is deceased and has been unable to offer testimony about his performance; (3) Hack was aware of the importance of any post-June 19, 1989 evidence; (4) Hack was aware, prior to trial, that one piece of post-June 19, 1989 evidence was the drug transactions allegedly occurring on July 9, 1989 (*see* Doc. 57 (responding to Defendant's jurisdictional objection and listing Defendant's participation in drug transactions on July 9, 1989 as grounds for overruling such objection));[5] (5) the trial record is silent as to the existence of any arrest report or evidence log regarding the July 9, 1989 arrest; (6) Hack did not cross-examine Comfort and Carlock as to whether an arrest report or evidence log existed that would support their testimony; (7) the undisputed trial evidence showed that Defendant was arrested for possession of stolen property in Oklahoma City one week later on July 16, 1989; (8) one of Defendant's co-defendants was also named "Darren;" (9) Defendant contends that his "FBI rap sheet clearly shows that the defendant was not arrested on July 9, 1989 for any offense" (*see* Doc. 444 at 2); and (10) there is still no arrest report in the record. If an arrest report was easily obtainable and would have contradicted the officers' testimony by omitting any reference to Defendant, Hack's failure to obtain and use the report for impeachment could *possibly* be deemed deficient performance. Thus, the Court will hear evidence on the deficient performance prong.

An evidentiary hearing is also necessary on the issue of prejudice. As explained above, an arrest report contradicting the officers' testimony that Defendant was arrested on July 9, 1989 and that $600 cash was found on his person would be highly persuasive impeachment evidence. Further,

---

[5] This response brief filed by the United States prior to trial did not mention any arrest. However, Defendant contends that he told Hack, prior to trial, that he was not "arrested" on that date, indicating that Hack may have been on notice that the officers would testify that an arrest occurred.

8

the Court cannot conclude, without conducting a hearing, that there was enough *other* post-June 19, 1989 evidence to render harmless any deficient performance related to the July 9, 1989 arrest. The only other evidence cited by the Tenth Circuit was Defendant's name being "mentioned" by Ward Price ("Price") on recordings made after June 19, 1989. On these recordings, Price was conversing with a police officer who was posing as a corrupt officer and surreptitiously recording Price. These audio-taped recordings have not been submitted to the Court, and the Court has not located them. The Court was, however, able to locate and review transcriptions of these recordings.[6] Based on its initial review of these transcriptions, the Court is not persuaded that incriminating evidence on the recordings was so overwhelming as to render harmless any deficient performance by Hack related to the July 9, 1989 arrest.[7]

Therefore, the Court will conduct an evidentiary hearing on Defendant's second and fourth grounds for relief, which both relate to Hack's pre-trial and trial performance regarding the July 9, 1989 arrest. The legal issues will be (1) whether Hack's performance in relation to the July 9, 1989 drug activity and arrest fell below an objective standard of reasonableness; and (2) if so, whether there is a reasonable probability that, but for these errors, the outcome of Defendant's proceeding would have been different.[8]

---

[6] The transcriptions were not introduced as evidence at trial, but the jury viewed them while listening to the recordings. There was much redaction from the transcripts during trial based on exchanges between counsel and Judge Cook, and the Court is unsure if it has reviewed the same versions viewed by the jury.

[7] Had the Court presided over the trial, it would have a better sense of whether the recordings were sufficient on their own to demonstrate post-June 19, 1989 participation by Defendant.

[8] The issue of whether there existed sufficient post-June 19, 1989 evidence *to support Defendant's conviction* has been repeatedly tested and upheld on appeal and is not the subject of this hearing. The issue upon which the Court will hear evidence is whether Defendant can demonstrate *ineffective assistance of counsel* in relation to testimony linking Defendant to the conspiracy after

### III.     Conclusion

Defendant's § 2255 Motion (Doc. 222) is denied as to Grounds 1 and 3 and held in abeyance as to Grounds 2 and 4, pending the Court's evidentiary hearing. Such hearing is scheduled for Thursday, December 19, 2013, at 10:00 am. Defendant's Motion for Ruling (Doc. 445) is denied as moot.

The Court hereby appoints counsel for Defendant Harris, and this matter is referred to the United States Public Defender's Office to locate counsel for Defendant. The Clerk is directed to send an electronic copy of this Order to the United States Public Defender's Office. Counsel shall file an entry of appearance within ten days from the date of this Order.

The Clerk is directed to send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals, as it relates to Tenth Circuit Case No. 13-5132.

DATED THIS 21st day of November, 2013.

_Terence C. Kern_
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE

---

his eighteenth birthday.