**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 89-CR-91-TCK ) |
| DARREN L. HARRIS, | ) ) |
| Defendant. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Before the Court are the two remaining grounds for relief (Grounds 2 and 4) raised in the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 222), which was filed by Defendant Darren L. Harris ("Defendant") in April 1997 ("§ 2255 Motion").[1] In accordance with 28 U.S.C. § 2255(b) and Rule 8 of the Rules Governing Section 2255 Proceedings, the Court held an evidentiary hearing on January 27, 2014.

These Findings of Fact and Conclusions of Law are limited to the two issues identified in the Court's Order setting the hearing: "(1) whether Hack's performance in relation to the July 9, 1989 drug activity and arrest fell below an objective standard of reasonableness; and (2) if so, whether there is a reasonable probability that, but for these errors, the outcome of Defendant's proceeding would have been different." (11/21/13 Order 9.)

**<u>Findings of Fact</u>**

1.    Officers Brian Comfort and Darren Carlock did not make any arrests at the Vernon Manor apartments on July 9, 1989. Instead, Officers Comfort and Carlock merely stopped and searched

---

[1] The Court disposed of the other two grounds for relief (Grounds 1 and 3) by Opinion and Order dated November 21, 2013 (Doc. 449).

certain individuals at the apartments. Neither Defendant nor anyone else was arrested at the Vernon Manor apartments on July 9, 1989.

2.      In its Order affirming Defendant's conviction, the Tenth Circuit discussed the trial evidence regarding the events occurring on July 9, 1989. The Tenth Circuit stated: "Harris was arrested at the time of this incident." *United States v. Harris*, 944 F.2d 784, 785 (10th Cir. 1991). This statement is not necessarily supported by the trial evidence. During trial, Officer Comfort stated:

> Q:   Did you have an occasion after that to stop these persons, to approach them or arrest them?
> A:   Yes, I did.
> Q:   When did that happen?
> A:   After the one hour that we were watching them, we went down to the apartment complex *and stopped them.*
> . . .
> Q:   When you went down and arrested Darren Harris *or stopped him*, did you find anything illegal on him?
> A:   No, I did not.

(Trial Tr. vol. II, 261-62, 266, Nov. 28, 1989 (emphases added).) During trial, Officer Carlock did not testify that any arrests took place. (*Id.* 266-69.) He only mentioned conducting searches and finding $600.00 on Defendant's person. (*Id.* 269.) During the evidentiary hearing held January 27, 2014, Officer Comfort testified that no arrests took place at the Vernon Manor apartments on July 9, 1989. Therefore, the Court finds this statement by the Tenth Circuit to be in error.

3.      Consistent with the Tenth Circuit's Order, the parties and this Court have repeatedly characterized the trial evidence as establishing Defendant's "arrest" on July 9, 1989. These characterizations are also in error.

4.      Because there was no formal arrest or other incident that generated a written report, Mr. Hack could not have obtained documents prior to trial with which to impeach the testimony of Officers Comfort and Carlock regarding drug transactions conducted by Defendant at the Vernon Manor apartments on July 9, 1989.

5.      Mr. Hack was aware of the significance of the July 9, 1989 incident and discussed it with Defendant prior to trial. Defendant told Mr. Hack prior to trial that he was not present at the scene on July 9, 1989. However, Defendant did not offer Mr. Hack any proof, alibi, documents, or other information that could verify or corroborate Defendant's denial.

6.      Defendant admitted during the evidentiary hearing that he was in Tulsa, Oklahoma, on July 9, 1989.

## Conclusions of Law

1.      In order to have his conviction set aside based upon ineffective assistance of counsel, Defendant must satisfy both components of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

2.      First, he must demonstrate that counsel's performance was deficient, which requires showing that his "counsel's performance fell below an objective standard of reasonableness." *Id.* at 687-88. In addressing the first prong, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct," and determine whether, in light of all the circumstances, the acts or omissions identified by the defendant were "outside the wide range of professionally competent assistance." *Id.* at 690. In doing so, a court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

3.     Second, Defendant must show that any deficient performance prejudiced his defense, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Court need not address the inquiry in any particular order, and the Court must deny an ineffective assistance claim if Defendant fails to make a sufficient showing of either prong. *Id.* at 697 (explaining that "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one").

4.     Mr. Hack did not perform deficiently before trial in relation to the July 9, 1989 incident. Applying the presumption that Mr. Hack made decisions in the exercise of reasonable judgment, Mr. Hack acted reasonably in failing to request reports or other documentation regarding the July 9, 1989 incident at the Vernon Manor apartments.

5.     Mr. Hack did not perform deficiently during trial in relation to the July 9, 1989 incident. Applying the presumption that Mr. Hack made decisions in the exercise of reasonable judgment, Mr. Hack acted reasonably in failing to accuse the officers of lying or the prosecution of presenting false testimony. Armed only with Defendant's denial of being present at the scene on July 9, 1989, it was reasonable for Mr. Hack to elect a different strategy regarding this evidence.

6.     Assuming Mr. Hack did perform deficiently in relation to the July 9, 1989 incident either before or during trial, there is no reasonable probability that, but for these errors, the outcome of Defendant's trial would have been different. Because no reports or other written documents were generated in connection with the July 9, 1989 incident, any pretrial discovery requests would have been fruitless and would not have led to impeachment evidence. Similarly, any attack on the

officers' credibility during cross-examination, or any accusation of prosecutorial misconduct, would have been unsupported by documentary or other evidence and therefore wholly ineffective. Accordingly, had Mr. Hack actually completed the tasks about which Defendant complains in Grounds 2 and 4 of the § 2255 Motion, Defendant would have been in the same evidentiary position – namely, Defendant's word against two officers' word regarding the events of July 9, 1989. Under these circumstances, there is no reasonable probability that any deficient performance by Mr. Hack regarding the July 9, 1989 incident resulted in prejudice.

## **Conclusion**

The two remaining grounds for relief (Grounds 2 and 4) raised in the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 222) are DENIED. The Court will enter a separate judgment resolving the entire 28 U.S.C. § 2255 motion.

DATED THIS 31st day of January, 2014.

*[signature]*

**TERENCE KERN**
**United States District Judge**